IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03257-PAB

WHALECO INC.,

    Plaintiff,

v.

AARON IZQUIERDO,
ABC CORPORATION, and
JOHN DOE,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Memorandum of Points and Authorities in Support of its *Ex Parte* Emergency Motion for a Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Alternative Service [Docket No. 10]. The Court will only address that part of plaintiff's motion seeking leave to serve defendants via email.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The title of plaintiff's pleading suggests that it is a brief and that plaintiff has separately filed a motion for TRO, a motion for preliminary injunction, and a motion to authorize an alternative means of service. However, plaintiff has not separately filed such motions. The Court will nevertheless construe Docket No. 10 as containing three distinct motions.

## I. BACKGROUND[2]

This case is brought by plaintiff Whaleco Inc. ("Whaleco"), which operates a "closed-loop e-commerce platform that connects consumers with a vast array of affordable, quality products."  Docket No. 1 at 4, ¶ 11.  The platform is available as a website and via a mobile application.  *Id.*, ¶ 13.  Whaleco alleges that that "Defendants are using Whaleco's federally registered TEMU trademark and logo to dupe people into believing that Defendants' mobile application distribution platform—www.heaven32.com,—(the "Infringing Platform") —and pirated copies of Whaleco's mobile application software (the "Infringing Apps") are put out or approved by Whaleco or are otherwise associated or affiliated with Whaleco."  *Id.* at 2, ¶ 2.  The Court assumes the parties' familiarity with the background facts in this case, which have been set forth in the Court's December 27, 2023 order, *see* Docket No. 16 at 2-7, and will not be repeated here except to the extent necessary to resolve plaintiff's motion for alternative service.

Whaleco claims that defendant Aaron Izquierdo, who allegedly operates the Infringing Platform, resides at Pza. Pilar 1a 2901, Madrid, Spain.  Docket No. 1 at 2, ¶ 5.  Mr. Izquierdo's name and address are listed in the Infringing Platform's privacy policy.  Docket No. 10 at 19; *see also* Docket No. 11 at 3, ¶ 8; Docket No. 10-6 at 5.  Whaleco, however, alleges that it was "unable to verify" this physical address.  Docket No. 10 at 19.  A declaration by one of Whaleco's attorneys states that "[a]n internet search of the physical address . . . shows the address appears to be for a residential building.  My

---

[2] The facts below are taken from plaintiff's complaint, Docket No. 1, motion for alternative service, Docket No. 10, and a declaration by one of plaintiff's attorneys. Docket No. 11.

team was not able to confirm that any connection exists between an individual named Aaron Izquierdo and that physical address.  Likewise, Internet searches did not reveal any corporate or business filings associated with the physical address." Docket No. 11 at 3, ¶ 9.

Whaleco alleges that "multiple email addresses, all of which are likely to be valid and reach Defendants, are available." Docket No. 10 at 19.  The email address admin@heaven32.com is listed on the Infringing Platform's privacy policy alongside Mr. Izquierdo's physical address.  Docket No. 11 at 3, ¶ 8; *see also* Docket No. 10-6 at 5. "A second valid email is available in the WHOIS record for the Infringing Platform's domain name," Docket No. 10 at 19, although Whaleco does not list this email address in its pleadings.  In addition, defendants were required to provide a valid email address when registering the Infringing Platform with the domain name registrar, Name.com, but this address is shielded by a privacy service and is therefore unknown.  *Id*.  Thus, the pleadings identify a single email address that may be used to contact defendants.  *See id.* at 18-20; Docket No. 11 at 3, ¶ 8.

## II. LEGAL STANDARD

Plaintiffs have the burden to serve defendants, Fed R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served"), and to establish the validity of service of process.  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  Federal Rule of Civil Procedure 4(f), which addresses service on an individual in a foreign country, authorizes service through the following means:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

> Convention on the Service Abroad of Judicial and Extrajudicial Documents;[3]
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

### III.  ANALYSIS

Whaleco asks the Court to authorize service by email because "traditional service methods are impracticable, and because service on Defendants [sic] known email addresses is reasonably calculated to give Defendants' [sic] notice and an opportunity to be heard."  Docket No. 10 at 19.  Whaleco claims that its failure to verify Mr. Izquierdo's physical address "suggests that traditional methods of service are impractical" and argues that, "even if the address is valid, no good reason exists for requiring Whaleco to shoulder the burden of effecting service upon a foreign defendant when that Defendants' [sic] infringement of the TEMU Marks all takes place in an online environment."  *Id.*

Whaleco argues that "[c]ourts recognize that in some circumstances, including when the defendant operates an online business, service of process via email may be

---

[3] The United States and Spain are both parties to the Hague Convention.  *W.J. Deutsch & Sons Ltd. v. Zamora,* 2023 WL 5609205, at *4 (S.D.N.Y. Aug. 30, 2023).

4

the method that is the most likely to reach the defendant." *Id.* at 18.  To support this proposition, Whaleco cites *Your True Nature, Inc., v. JF Show Store*, No. 23-cv-00107-CNS-NRN, 2023 WL 2355926 (D. Colo. Feb. 14, 2023); *Liberty Media Holdings, LLC v. Sheng Gan,* No. 11-cv-02754-MSK-KMT, 2012 WL 122862, at *2 (D. Colo. Jan 17, 2012); and *Rios Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).  *Id.*  However, these cases are distinguishable.  In *Liberty Media*, the two physical addresses associated with defendant that plaintiff had uncovered were incomplete, and plaintiff "made extensive efforts to uncover more precise information about Defendant's physical locale to no avail."  2012 WL 122862, at *3.  The plaintiff in *Rio Props.* attempted to serve defendant by conventional means in the United States, attempted to serve defendant's attorney, and hired a private investigator to discover defendant's whereabouts in Costa Rica, which proved unsuccessful.  284 F.3d at 1016.  As a result, the Ninth Circuit concluded that plaintiff had "presented the district court with its inability to serve an elusive international defendant, striving to evade service of process," concluding that "the district court properly exercised its discretionary powers to craft alternate means of service."  *Id.*  In *Your True Nature,* plaintiff did not attempt to serve defendants, but the plaintiff lacked even a partial physical address for the defendants, who were only identifiable by username or email.  2023 WL 2355926, at *1.

     Whaleco does have a personal address for Mr. Izquierdo, namely, Pza. Pilar 1a 2901, Madrid, Spain.  Docket No. 1 at 2, ¶ 5.  Nevertheless, Whaleco has made no attempt to serve the complaint and summons on Mr. Izquierdo in Madrid.  Instead, Whaleco describes the results of internet searches regarding the address, which were not attempts at service and which, in any event, were inconclusive.  Docket No. 11 at 3,

¶ 9  These efforts are far less than the efforts of the plaintiffs in *Liberty Media* and *Rio Props.  See Liberty Media,* 2012 WL 122862, at *3; *Rio Props.*, 284 F.3d at 1016.

Rule 4(f)(3) permits a party to serve a foreign individual "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Although service of process under Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief,'" *Rio Props.*, 284 F.3d at 1015, "[p]rior to granting a motion to allow alternate service under Rule 4(f)(3), 'the court may require that plaintiff show that he made reasonable efforts to serve the defendant and that the court's intervention will avoid further unduly burdensome or futile efforts at service.'" *Blumedia Inc. v. Sordid Ones BV,* No. 10-cv-01158-MSK-KLM, 2011 WL 42296, at *4 (D. Colo. Jan. 6, 2011) (quoting *Malone v. Highway Star Logistics,* Inc., No. 08-cv-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009)); *see also Clancy Sys. Int'l, Inc. v. Image Sensing Sys., Inc.*, No. 16-cv-01848-CMA-KMT, 2016 WL 9344080, at *4 (D. Colo. Oct. 14, 2016) (collecting cases).  In light of Whaleco only having performed internet searches to date, the Court will require Whaleco to attempt to effect service pursuant to Rule 4(f)(1) before seeking authorization of alternative service pursuant to Rule 4(f)(3).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the portion of [Docket No. 10] seeking leave to serve defendants via email is **DENIED**.

DATED December 29, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge